Me. Justice Black,
dissenting.
In my opinion for the Court in Bell v. Hood, 327 U. S. 678 (1946), we did as the Court states, reserve the question whether an unreasonable search made by a federal officer in violation of the Fourth Amendment gives the subject of the search a federal cause of action for damages against the officers making the search. There can be no doubt that Congress could create a federal cause of action for damages for an unreasonable search in violation of the Fourth Amendment. Although Congress has created such a federal cause of action against state officials acting under color of state law,* it has never created such a cause of action against federal officials. If it wanted to do so, Congress could, of course, create a remedy against *428 federal officials who violate the Fourth Amendment in the performance .of their duties. But the point of this case and the fatal weakness in the Court’s judgment is that neither Congress nor the State of New York has enacted legislation creating such a right of action. For us to do so is, in my judgment, an exercise of power that the Constitution does not give us.
Even if we had the legislative power to create a remedy, there are many reasons why we should decline to create a cause of action where none has existed since the formation of our Government. The courts of the United States as well as those of the States are choked with lawsuits. The number of cases on the docket of ' this Court have reached an unprecedented volume in recent years. A majority of these cases are brought by citizens with substantial complaints — persons who are physically or economically, injured by torts or frauds or governmental infringement óf their rights; persons who have been unjustly deprived of their liberty or their property; and persons who have not yet received the equal opportunity in education, employment, and pursuit of happiness that was the dream of our forefathers. Unfortunately, there have also been a growing number of frivolous lawsuits, particularly actions for damages against law enforcement officers whose conduct has been judicially sanctioned by state trial and appellate courts and in many instances even by this Court. My fellow Justices on this Court and our brethren throughout the federal judiciary know only too well the time-consuming task of conscientiously poring over hundreds of thousands of pages of factual allegations of misconduct by police, judicial, and corrections officials. Of course,» there are instances of legitimate grievances, but legislators might well desire to devote judicial resources to other problems of a more serious nature.
*429 We sit at the top of a judicial system accused by some of nearing the point of collapse. Many criminal defendants do not receive speedy trials and neither society nor the accused are assured of justice when inordinate delays occur. Citizens must wait years to litigate their private civil suits. Substantial changes in correctional and parole systems demand the attention of the lawmakers and the judiciary. If I were a legislator I might well find these and other needs so pressing as to make me believe that the resources of lawyers and judges should be devoted to them rather than to civil damage actions against officers who generally strive to perform within constitutional bounds. There is also a real danger that such suits might deter officials from the proper and honest performance of their duties.
All of these considerations make imperative careful study and weighing of the arguments both for and against the creation of such a remedy under the Fourth Amendment. I would have great difficulty for myself in resolving the competing policies, goals, and priorities in the use of resources, if I thought it were my job to resolve those questions.^ But that is not my task. The task of evaluating the pros and cons of creating judicial remedies for particular wrongs is a matter for Congress and the legislatures of the States. Congress has not provided that any federal court can entertain a suit against a federal officer for violations of Fourth Amendment rights occurring in the performance of his duties. A strong inference can be drawn from creation of such actions against state officials that Congress does not' desire to permit such suits against federal officials. Should the time come when Congress desires such lawsuits, it has "before it a modehof valid legislation, 42 U. S. C. § 1983, to create a damage remedy against federal officers. Cases could be cited to support the legal proposition which *430 I assert, but it seems to me to be a matter of common understanding that the business of the judiciary is to interpret the laws and not to make them.
I dissent.

 “Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.” Rev. Stat. § 1979, 42 U. S. C. § 1983.